# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INEZ B.,[1]<br><br>      Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI,[2]<br>Acting Commissioner of the Social Security Administration,<br><br>      Defendant. | Case No. 4:18-cv-00030-TMB |

## ORDER RE ATTORNEY FEES
## PURSUANT TO 42 U.S.C. § 406(b)(1)

Inez B. ("Plaintiff"), by her attorney, Paul B. Eaglin, moves the Court for authorization of attorney fees pursuant to 42 U.S. 406(b)(1).[3] Defendant Kilolo Kijakazi (the "Commissioner") opposes this request.[4] On April 29, 2022, Plaintiff filed her motion in reply.[5]

---

[1] Plaintiff's name is partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States. *See* Memorandum, Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 205(g) of the Social Security Act, 42 U.S.C. 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

[3] Dockets 41, 43.

[4] Docket 42.

[5] Docket 43.

On August 28, 2018, Plaintiff initiated this action without representation.[6] On October 13, 2019, Plaintiff's attorney, Paul B. Eaglin, filed a notice of appearance.[7] On April 10, 2020, the Court remanded this action for further proceedings, under the fourth sentence of *42 U.S.C. § 405(g)*.[8] On August 3, 2020, the Court granted Plaintiff's amended motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA").[9] On April 2, 2022, the Social Security Administration issued a Notice of Award.[10]

Under 42 U.S.C. § 406(b), the Court may award a claimant's attorney for "a reasonable fee not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" for that attorney's representation before the Court.[11] Additionally, "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security Benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee."[12]

On April 18, 2022, Plaintiff filed the pending attorney fee motion pursuant to 42 U.S.C. § 406(b)(1) in the amount of $23,923.28, representing 25% of the award, for 16.3

---

[6] Docket 1.

[7] Docket 26.

[8] Docket 34(Order). Judgment was entered on April 20, 2020. Docket 35.

[9] Docket 40.

[10] Docket 41-1.

[11] 42 U.S.C. § 406(b)(1)(A).

[12] *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002)(internal citations omitted); *see also Culbertson v. Berryhill,* 139 S.Ct. 517, 521 (Jan. 8, 2019).

Case No. 4:18-cv-00030-TMB, *Inez B. v. Kijakazi*
Order
Page 2 of 4
Case 4:18-cv-00030-TMB   Document 44   Filed 05/04/22   Page 2 of 4

hours of attorney work.[13] The Commissioner objected to the amount of attorney fees requested by Plaintiff. Among other arguments, the Commissioner contended that amount of the past-due benefits accrued while Plaintiff proceeded without counsel would constitute a windfall to Plaintiff's attorney. The Commissioner proposed a reduced attorney fee award of $20,801.28[14] less an administrative assessment pursuant to 42 U.S.C. § 406(d) and remittance to Plaintiff of the attorney fees awarded pursuant to EAJA.[15] In her reply brief, Plaintiff conceded to the Commissioner's proposed attorney fee amount of $20,801.28, acknowledging that "past due benefits in this case were inflated by the fact that a significant period of time passed while [Plaintiff] was attempting to proceed *pro se*."[16] The Court agrees that the amount of Plaintiff's attorney fee should be reduced for the time Plaintiff spent proceeding without representation in this case.[17]

/ / /

/ /

/

---

[13] Docket 41.

[14] Defendant notes that this amount "is calculated by adding the monthly benefits amounts for August 2018 through September 2019 (or $12,489.30) and multiplying that sum by 25 percent." Docket 42 at 5.

[15] Docket 42.

[16] Docket 43.

[17] *Costa v. Comm'r of Soc. Sec. Admin.,* 690 F.3d 1132, 1136 (9th Cir. 2012) (The amount of time an attorney reasonably spends on a specific case "will always depend on case-specific factors, including . . . the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained").

Case No. 4:18-cv-00030-TMB, *Inez B. v. Kijakazi*
Order
Page 3 of 4
Case 4:18-cv-00030-TMB   Document 44   Filed 05/04/22   Page 3 of 4

For the above stated reasons,

IT IS HEREBY ORDERED that Plaintiff is awarded attorney fees in the amount of Twenty Thousand Eight Hundred One and 28/100 Dollars ($20,801.28). The check shall be mailed to:

> Paul B. Eaglin, Esq.
> Eaglin Law Office
> P.O. Box 6033
> Syracuse, NY 13217-6033

Upon receipt of payment, Plaintiff's attorney shall refund the EAJA fee in the amount of Three Thousand Three Hundred Forty-Five and 58/100 Dollars ($3,345.58) to Plaintiff.

DATED this 4th day of May, 2022 at Anchorage, Alaska.

<u>/s/ Timothy M. Burgess</u>
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

Case No. 4:18-cv-00030-TMB, *Inez B. v. Kijakazi*
Order
Page 4 of 4
Case 4:18-cv-00030-TMB   Document 44   Filed 05/04/22   Page 4 of 4